UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DANIEL ANDREW WALKER,<br>Defendant. | No. 2:19-cr-00234-DJC-1<br><br>ORDER |

Defendant Daniel Andrew Walker moves this Court for a reduction of his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 117.) He contends that "facts unknown to this Court at the time of sentencing" constitute extraordinary and compelling reasons to justify the sentence modification. The United States opposes the motion. For the reasons explained below, Defendant's Motion is DENIED without prejudice.

////

////

////

////

////

////

## BACKGROUND

Walker has a lengthy criminal history, but relevant for purposes of this Motion, on December 7, 2023, he pled guilty to 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. (ECF No. 94.)

At the time of his sentencing, the Court found Walker's offense level to be 25, after adjusting for acceptance of responsibility. (Tr. (ECF No. 138) 8:14–15.) His criminal history was a level III, and the advisory sentencing guideline was between 70 and 87 months. (*Id.* 8:20–22.) After hearing argument from the parties, including Defendant, the Court sentenced Walker to 63 months' incarceration and imposed a 36-month term of supervised release. (ECF No. 109.) He has served approximately one-third of his sentence, and his projected release date is November 1, 2028. (ECF No. 129-1 at 1, 3.)

## LEGAL STANDARDS

### I. Motion for Compassionate Release

Typically, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in "limited circumstances" a sentence may be modified. *Dillon v. United States*, 560 U.S. 817, 824 (2010) (" '[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Two of these circumstances include compassionate release in extraordinary cases, *see United States v. Heffington*, 476 F. Supp. 3d 1042, 1045 (E.D. Cal 2020) (citing *United States v. Holden*, 452 F. Supp. 3d 964, 967–98) (D. Or. 2020), and where the sentence was based on the guideline range, and the sentencing commission subsequently lowered the guideline range, 18 U.S.C. § 3582(c)(2).

Prior to the enactment of the First Step Act of 2018, motions for compassionate release could only be filed by the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, under the First Step Act, defendants who are imprisoned may now bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582

(c)(1)(A) (2018). In determining whether a defendant is entitled to compassionate release under 18 U.S.C. Section 3582(c)(1)(A), the court must find that the defendant satisfied three requirements. First, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, the district court may only grant compassionate release if "extraordinary and compelling reasons warrant such a reduction" and "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Third, the court must consider "the factors set forth in Section 3553(a) to the extent they are applicable." *Id.* The defendant ultimately bears the burden of establishing that he is eligible for sentence reduction. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

**II. Motion to Reduce Sentence**

To vacate and/or reduce a sentence under 18 U.S.C. Section 3581(c)(2), the court must first "determin[e] the amended guideline range that would have been applicable to the defendant" if the amendment had been in effect at the time of the original sentencing, and whether a sentence reduction is consistent with the policy for applying a retroactive sentence reduction. *Dillon*, 560 U.S. at 826–27 (2010); *see United States v. Acosta*, No. 1:04-cr-05278-DAD, 2016 WL 8678046, at *3 (E.D. Cal. Dec. 30, 2016). The court must then consider if a reduced sentence "is warranted in whole or in part under the particular circumstances of the case" considering the factors in 18 U.S.C. Section 3553. *Dillon*, 560 U.S. at 827.

**DISCUSSION**

Before bringing a compassionate release motion before a district court, an inmate must first exhaust their administrative remedies before the BOP Warden. *See* 18 U.S.C. § 3582(c)(1)(A). Walker has alleged that he has done so, and the United States does not dispute that account. (Mot. at 7–8.)

However, Walker does not establish extraordinary and compelling circumstances warranting compassionate release. He contends that his case is "a unique situation that is not generally expected in convictions under 18 U.S.C.

§ 922(g)" because it arose after he attempted obtain a Certificate of Rehabilitation after several years of good behavior. (Mot. at 9.) He recounts the history leading up to the search warrant. (*Id.*) He asserts that he "does not contest the legality of his conviction or sentence" but that "the types of firearms found in his home deserve consideration along with their location when the search warrant was executed." (*Id.* at 10.) He also discusses his prior convictions and pre-sentence rehabilitation. (*Id.* at 11.) Finally, he asserts that the factors listed under section 3553(a) support a reduction of sentence in this case. (*Id.* at 12.)

Although Walker does not challenge the fact or validity of his conviction, he does disagree with its length, as many of his arguments indicate. But disagreements with the length of confinement (as with the validity of conviction) is a challenge "close to core of habeas corpus" and must be brought under the specific federal habeas corpus statute. *Fernandez v. United States*, 608 U.S. --- , 146 S. Ct. 1292, 1301 (2026). Regardless, Walker has not presented any information that was not previously considered by the Court in determining the appropriate sentence. The transcript reflects careful consideration of the nature and location of the guns, Walker's criminal history, and so forth. (*See generally* Tr.) The "supposed invalidity" of the length of Walker's conviction "is not among the 'extraordinary and compelling' reasons that justify compassionate release." *Fernandez*, 146 S. Ct. at 1301.

In his first Reply brief (ECF No. 137), Walker also identifies that his daughter "is in her last trimester w/ complications of a mass pushing into the spinal cord up to the brain stem, which is causing seizures." (*Id.* at 4.) While the Court has sympathy for Walker's daughter's serious medical condition, he has not alleged that she is incapable of self-care, that his wife is unable to care for her, or that his daughter otherwise lacks a caregiver. *See* U.S.S.G. § 1B1.13(b)(3). Therefore, his family members' situation does not constitute a compelling reason warranting compassionate release. Additionally, while an "unusually long sentence" may qualify

as a compelling reason, *see* § 1B1.13(b)(6), to raise this challenge, Walker must have served at least ten years of his confinement, which does not apply here.

In his subsequent Reply briefs (ECF Nos. 139, 140)[1], Walker changes tack and argues that the "catch-all" provision for "other reasons" ought to apply for purposes of a Motion to Reduce Sentence. U.S.S.G. § 1B1.13(b)(5). But this alternate pathway also fails because to the extent Walker is challenging BOP's actions with his federal time credits, he is challenging the length of his sentence, which is "close to the core of habeas" and must be brought "under the specific federal habeas corpus statute." *Fernandez*, 146 S. Ct. at 1301; *see also Pena v. Matevousian*, No. 1:17-cv-01076-JDP (HC), 2019 WL 2339328, at *1 (E.D. Cal. Jun. 3, 2019) ("The BOP's calculation of sentencing credit is a sentence's execution that a habeas petitioner may challenge with a Section 2241 petition.") (citing *Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015)).

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release (ECF No. 117) is DENIED.

IT IS SO ORDERED.

Dated: **July 27, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

[1] Walker filed two additional Reply briefs, however, the substantive portions are identical while the supporting documents vary.